# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN ALVARADO,<br><br>　　　　　　　Petitioner,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | CASE NO. 08cv0631-LAB<br>[Related Case No. 06cr1195]<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE** |

Petitioner Carmen Alvarado pleaded guilty to Count 2 (conspiracy to bring in illegal aliens for financial gain) and to Count 14 (filing false tax return) of the Indictment in criminal Case No. 06cr1195-LAB, with judgment entered April 9, 2007, following proceedings before the undersigned District Judge. (Dkt. Nos. 115, 194.) Pursuant to Fed. R. Crim. P. 36, the Court amended the sentencing order on June 26, 2007 to accurately reflect the sentence imposed. (Dkt. No. 198.)[1]

/ / /

---

[1] Rule 36 provides "After giving any notice it considers appropriate, the court may <u>at any time</u> correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." (emphasis added) Petitioner was actually sentenced to two terms of 30 months, concurrent. (Dkt. No. 192 (minute entry for April 2, 2007 showing Petitioner was sentenced to two 30-month terms, concurrent.) The order entered in the docket on April 9, 2007 erroneously said she had been sentenced to two terms of 33 months, concurrent. The order issued June 26, 2007 merely corrected a clerical error to show what sentences were in fact imposed; it did not modify those sentences.

On April 4, 2008, a year after sentencing, Petitioner filed a Motion To Reduce Sentence (the "Motion") pursuant to 18 U.S.C. § 3582. Under § 3582(c)(1)(B), with certain exceptions not applicable here, the Court has only seven days within which to modify a sentence. *United States v. Penna*, 319 F.3d 509, 512–13 and n.3 (9th Cir. 2003) (citing Fed. R. Civ. P. 35(a)). Petitioner mentions her unfamiliarity with the law and rules of procedure. (Motion at 1:17–2:5.) As explained in *United States v. Barragan-Mendoza,* 174 F.3d 1024, 1030 (9th Cir. 1999), the seven-day period is a limit on the Court's ability to act. Therefore, even if Petitioner's confusion about the relevant rules and statutes provided a reason to toll the seven-day period (and it does not, *see* Fed. R. Civ. P. 45(b)(2); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)), the Court could not now grant her the relief she seeks.

Petitioner also quotes language from 28 U.S.C. § 2255(e) (Motion at 7:6–16) but emphasizes she wishes to bring her Motion pursuant to § 3582, not § 2255. (*Id.* at 7:17– 20.) For no clear reason, she specifically emphasizes the provision permitting a court besides the sentencing court (*i.e.*, this Court) to consider her application for relief. (*Id.* at 7:14–16.) Even if the Court were to construe Petitioner's Motion as having been brought under § 2255, however, it would be denied. By its terms, relief under § 2255 is available only where a petitioner claims

> the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

§ 2255(a).

The Motion explains at length why Petitioner believes her sentence was unjust or unwise and why she believes the Court should reweigh the factors set forth in 18 U.S.C. § 3553 and resentence her. (Motion at 3:11–6:26.) The Motion raises no basis for relief under § 2255, however.

Petitioner also argues she needs medical care to repair an injury to her hands, but is afraid to have surgery. (Motion at 3:23–28, 4:3–5.) If Petitioner believes she is being denied adequate medical treatment, she may bring an action under 42 U.S.C. § 1983; neither a

motion pursuant to § 3582 nor a petition under § 2255 is the proper method of challenging conditions of confinement.

The Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: December 3, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge